NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL MARION COTHAM,

Petitioner - Appellant,

v.

DAVID SHINN, Director, Arizona
Department of Corrections, Rehabilitation,
and Reentry; ATTORNEY GENERAL OF
THE STATE OF ARIZONA,

Respondents - Appellees.

No. 23-2456

D.C. No.
2:21-cv-00138-ROS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted March 24, 2025
Phoenix, Arizona

Before: BERZON and BENNETT, Circuit Judges, and TUNHEIM, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

Petitioner-Appellant Michael Cotham was convicted in Arizona state court on charges of child prostitution. The district court denied Cotham habeas relief. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

A federal court may only grant habeas relief on a state court judgment for two reasons: (1) if the state court's legal conclusions "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) if the state court's factual conclusions were "unreasonable . . . in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We review a district court's application of § 2254(d) de novo and its findings of fact for clear error. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

1. The state trial court's factual determination that Cotham refused transport and thereby violated the court's order was not unreasonable. The state court had ordered Cotham to appear the next morning and specifically warned him that his Sixth Amendment rights were conditional on following the court's orders. The next morning, Cotham was nowhere to be found, so the trial court ordered him transported to the courthouse and held a brief hearing on the matter. Cotham claimed the delay was because of untreated back pain, but the court's deputies stated that Cotham had refused to be transported that morning to the courthouse. Weighing the evidence and its own lengthy experience with Cotham as he navigated various

pretrial conferences with the court, the court determined Cotham's explanation was not credible. The court also determined that, even if the excuses were valid, he had still voluntarily chosen to violate the court's order by refusing transport to the courthouse in a timely manner. Keeping in mind the "substantial deference" accorded state courts' factual findings, *Brumfield v. Cain*, 576 U.S. 305, 314 (2015), we find the state court's factual finding that Cotham voluntarily refused transport in violation of the court's order was not unreasonable.

2.      The Arizona Court of Appeals' legal conclusion that Cotham waived his right to self-representation by violating the court's order to appear on time was not contrary to clearly established federal law. The Arizona Court of Appeals rejected Cotham's *Faretta*[1] claim, holding that the trial court had not abused its discretion in revoking Cotham's self-representation rights after Cotham failed to heed the court's "clear, unambiguous and timely warnings" that he would lose those rights if he refused transport. Cotham argues the Arizona Court of Appeals erred in two ways: (1) by failing to evaluate whether Cotham's conduct constituted "serious and obstructionist misconduct," and (2) by considering Cotham's pre-trial conduct. Neither are persuasive.

In *Faretta*, the Supreme Court held in a footnote that

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

> [T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct. . . .
>
> The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.

*Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). Here, in rejecting the *Faretta* claim, the Arizona Court of Appeals did not use the "serious and obstructionist" standard. Instead, it stated that a defendant may only represent himself "so long as the defendant is able and willing to abide by the rules of procedure and courtroom protocol." The court then concluded that,

> Given Cotham's refusal to be transported on the first day of trial, notwithstanding the superior court's clear, unambiguous and timely warnings that Cotham would lose the right to represent himself if he did not follow the court's procedures and refused transport, the superior court did not abuse its discretion in revoking Cotham's right of self-representation.

We have instructed federal courts in the Ninth Circuit to follow the "serious and obstructionist misconduct" standard strictly and have clarified that a mere "failure to comply with . . . rules" will not "result in a revocation of pro se status." *United States v. Flewitt*, 874 F.2d 669, 674 (9th Cir. 1989). But Arizona state courts are not bound by our decisions. Interpreting *Faretta* to allow revoking self-representation rights when a defendant fails to appear the morning of trial in direct defiance of a court's order is not clearly contrary to any Supreme Court decision.

4

*Cf. McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984) ("[A]n accused has a Sixth Amendment right to conduct his own defense, provided only that he knowingly and intelligently forgoes his right to counsel and that he is able and willing to abide by rules of procedure and courtroom protocol."); *Martinez v. Ct. of Appeal of Cal.*, 528 U.S. 152, 162 (2000) ("[T]he government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.").

Nor was the state court's consideration of Cotham's pretrial conduct an unreasonable application of Supreme Court precedent. Indeed, even *Flewitt* itself acknowledged that pretrial activity could be grounds to revoke self-representation rights, provided "it affords a strong indication that the defendants will disrupt the proceedings in the courtroom." 874 F.2d at 674. Tellingly, Cotham points to no Supreme Court case whatsoever to support his position that a state court cannot use a defendant's conduct during pretrial proceedings to inform a *Faretta* analysis.

3. The state court misapplied clearly established federal law when it denied post-conviction relief for ineffective assistance of appellate counsel, but upon de novo review, we find no such ineffective assistance.

The Supreme Court has held that where appellate counsel fails to file a merits brief on the ground that there are no potentially meritorious appellate issues, ineffective assistance of appellate counsel claims follow a modified version of the

*Strickland*[2] test. Cotham must show (1) "that his counsel was objectively unreasonable in failing to find arguable issues to appeal," and (2) there was "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citation omitted). The state court failed to cite to *Robbins* or to use the test it commands, instead finding only that "appellate counsel had full discretion to raise or not raise the issue of self-representation." That's incorrect. Under *Robbins*, Cotham need only show that "a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief," a threshold that is "easier . . . to satisfy" than if the attorney had discarded the issue in favor of others with a higher likelihood of success. *Id.* at 288.

Reviewing de novo, we hold that Cotham would not have succeeded on *Robbins*'s second prong. Binding Arizona precedent specifically held that a defendant's refusal to follow procedural rules and orders need not rise to the level of "serious and obstructionist misconduct" to trigger revocation of self-representation rights. *State v. Whalen*, 961 P.2d 1051, 1054 (Ariz. Ct. App. 1997). Thus, even armed with counsel, Cotham's *Faretta* claim was doomed to fail in the Arizona Court of Appeals.

**AFFIRMED.**

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).